## WABASH RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 4, 1926.)

No. 4622.

**1. Customs duties ⚖️133.**

Circumstances *held* to show that railroad, through its agents, brought car of ale from Canada in evasion and violation of custom laws.

**2. Customs duties ⚖️133.**

Libel for forfeiture of carload of Canadian ale for unlawful importation is not controlled by National Prohibition Act (Comp. St. § 10138¼ et seq.), but by Tariff Act 1922, § 593(b), being Comp. St. § 5841h13, not requiring prior conviction, nor attempt to hold or forfeit car, under Rev. St. § 3082 (Comp. St. § 5764).

Appeal from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Libel by the United States against a carload of Canadian ale, claimed by the Wabash Railway Company. Judgment of forfeiture, and claimant appeals. Affirmed.

Thos. B. Moore, of Detroit, Mich. (Beaumont, Smith & Harris, of Detroit, Mich., on the brief), for appellant.

John A. Baxter, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., and Wallace Visscher, Asst. U. S. Atty., both of Detroit, Mich., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. This is an appeal from a judgment of the District Court ordering the forfeiture and destruction of a carload of Canadian ale. The order was entered upon the libel of the United States, alleging that the ale was subject to forfeiture under the Tariff Act of 1922 (42 Stat. 858), because it had been fraudulently and unlawfully brought into the United States without the payment of custom duties thereon and with intent to defraud the United States.

[1] Appellant operates a line of railroad from Buffalo, in the state of New York, through the province of Ontario, in Canada, to Detroit, Mich., and St. Louis, Mo. It received from its connecting carrier at London, Ontario, the shipment of ale, consisting of 1,005 cases, loaded in Wabash car 71873, shipped by John Labatt, Limited, of London, Ontario, to A. Colvin, La Salle, Ontario, in care of the Essex Terminal, a railroad operating in and around Windsor, and between Windsor and La Salle, Ontario. The shipment was further billed, "For James Pratt, Detroit, Michigan." Custom papers to be used in Canada were forwarded by the shipper to the consignee. The shipment was transported from London to Windsor on August 26 in a train consisting of about 70 cars, all of which, except this car, were, as appellant claims, destined to points in the United States. When it arrived at Windsor, it was not switched to La Salle, as should have been done, but several hours after its arrival, and at 3:25 a. m. on August 27th, it was placed on appellant's car ferry and carried to the port of Detroit. The car was first entered at Windsor on the boat sheet as a load, but was thereafter changed so as to appear as an empty, although both sides of the car were sealed, and the clerk making the changed entry observed the seal on one side as the car passed. Under the description of an empty it was brought into this country.

The lower court found as a fact that the property was unlawfully brought into this country by appellant without the payment of duty thereon, without any entry thereof being made at the custom house of the United States, and with intent to defraud the United States. The main contention of appellant is that the evidence shows that the importation was by mistake, and without fraud or intention to evade or violate the custom laws of the country.

This issue of fact is one which we must determine independently of the finding of the trial judge. From a careful consideration of the proofs we conclude, not only that the claimant did not sustain the burden of proof

which was put upon it by the statute, but that the evidence as a whole rationally leads to the conclusion that the transaction was a fraudulent one, participated in by the claimant, through its responsible agents, for the purpose of evading and violating the custom laws. We do not discuss the evidence in detail; it is enough to say that the circumstances leading to this conclusion outweigh, in our consideration, the evidence offered to rebut them.

[2] The proceeding was based on the unlawful importation of the ale in violation of the custom laws. Hence the forfeiture was not controlled by the Prohibition Act (Comp. St. § 10138¼ et seq.), but by section 593 (b) of the Tariff Act of 1922. 42 Stat. at Large, c. 356, p. 982 (Comp. St. § 5841h13). It is not requisite to a forfeiture under that statute that there be a prior conviction of the person who committed the offense of bringing in the goods. Nor is it important that the government did not attempt to hold or forfeit the car under section 3062, Revised Statutes (Comp. St. § 5764). Neither of the alternative interpretations which appellant places on this inaction of the government, if accepted as representing the government's attitude, would affect the validity of the proceeding. The case is wholly unlike United States v. 2180 Cases of Champagne (C. C. A.) 9 F.(2d) 710, because in that case there was a finding against the government in a prior criminal case on the question of intent, by which the government was held to be bound; whereas, in this case there was no such prior proceeding, and the finding of the trial court, in which we concur, was that the importation was not a mistake, but was an attempt fraudulently to avoid the custom laws.

Judgment affirmed.